# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

JONI S. TEAGUE                                                                                       PLAINTIFF

v.                                   1:16CV00153-JM-JJV

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration,                                          DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody, Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Joni Teague, has appealed the final decision of the Commissioner[1] of the Social Security Administration to deny her claim for supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v.*

---

[1] Nancy Berryhill was sworn in as Acting Commissioner of the Social Security Administration on January 23, 2017, replacing Carolyn Colvin. She has therefore been substituted as the defendant in this case pursuant to Federal Rule of Civil Procedure 25(d)(1).

*Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff is fifty-three years old. (Tr. 66.) She earned a general equivalence degree (*id.*) but has no past relevant work. (Tr. 21.)

The ALJ[1] found Ms. Teague had not engaged in substantial gainful activity since April 25, 2014, the alleged onset date. (Tr. 15.) She has "severe" impairments in the form of degenerative disc disease, anger issues, depression, and bipolar disorder. (*Id.*) The ALJ further found Ms. Teague did not have an impairment or combination of impairments meeting or equaling an

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 15-18.)

The ALJ determined Ms. Teague had the residual functional capacity to perform a reduced range of light work given her mental and physical impairments.  (Tr. 18.)  As previously stated, Ms. Teague has no past relevant work, so the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments.  Based on the testimony of the vocational expert, the ALJ determined she could perform the jobs of small products assembler and mail clerk despite her impairments.  (Tr. 22, 87-89.)  Accordingly, the ALJ determined Ms. Teague was not disabled.  (Tr. 22.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-4.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her Complaint, Plaintiff says the ALJ's credibility assessment was flawed.  I note this argument also ties into her arguments regarding the ALJ's residual functional capacity assessment.  The ALJ considered Plaintiff's subjective complaints in light of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1.  the claimant's daily activities;
>
> 2.  the duration, frequency and intensity of the pain;
>
> 3.  precipitating and aggravating factors;

---

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

4. dosage, effectiveness and side effects of medication;

    5. functional restrictions.

    The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

Plaintiff clearly suffers from limitation with the combination of her impairments. And her counsel has done an admirable job advocating for her rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

As the ALJ recited in his opinion, Ms. Teague's alleged physical limitations are simply not supported by the overall record. (Tr. 20.) He acknowledged her documented degenerative disc disease but stated, "However, those limitations are not as severe as alleged by the claimant." (*Id.*) He then stated the record supports Ms. Teague's ability to perform work at the light exertional level. (*Id.*) This finding is supported by Plaintiff's own medical records. (Tr. 458-459, 466, 469-470.) I note these records only recommended conservative treatment and increased exercise.

Clearly Plaintiff's most significant limitations are based on her mental impairments. But the conclusions of both Abesie Kelley, Ph.D., and Sheri L. Simon, Ph.D., support the ALJ's decision. (Tr. 94-98, 109-114.) Dr. Simon aptly stated, "From a mental standpoint, objective

4

evidence does not support marked impairment in adaptive functioning. Though [Ms. Teague] may have some problems functioning, symptoms do not preclude [her] from engaging in simple, repetitive, routine tasks." (Tr. 113.) Recent treatment notes also fail to show Plaintiff was disabled. (Tr. 33-60.) To the contrary, these record supports Dr. Simon's statements above and the ALJ's determination that Plaintiff was capable of performing light work.

A review of the ALJ's opinion shows he considered Plaintiff's subjective allegations at some length, but found them less than credible. (Tr. 18-21.) His credibility analysis was proper. He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints. *E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds. v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart,* 354 F.2d 710, 714 (8th Cir. 2003). As I have repeatedly found, the ALJ is always in the best position to gauge the credibility of a claimant's testimony. Thus, the ALJ is granted deference in this regard. *Schultz v. Astrue*, 479 F.3d 979, 982-983 (8th Cir. 2007). Accordingly, I find no basis to overturn the ALJ's credibility determination.

With regard to Ms. Teague's argument that the ALJ failed to develop the record, Plaintiff bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither. The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). In this case, the record was

5

sufficient upon which to make an informed decision.

Plaintiff has advanced other arguments – including that the Commissioner failed to sustain her burden at step five – which I have considered and find to be without merit. Counsel for the Commissioner has provided persuasive arguments on these points. (Doc. No. 15 at 4-13.)

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 8th day of June, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE